# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EMORY HERRING,**

            **Plaintiff,**

**-vs-**                                                        **Case No.  6:12-cv-737-Orl-28DAB**

**MATTERN HOLDINGS, INC.,**

            **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT JUDGMENT AGAINST MATTERN HOLDINGS, INC. (Doc. No. 11)**
>
> **FILED:** August 17, 2012
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On May 16, 2012, Plaintiff Emory Herring filed suit against Defendant Mattern Holdings, Inc., for unpaid overtime wages, as well as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA"). Doc. 1. Following service of process (Doc. 8) on May 18, 2012,, Defendant failed to appear and Plaintiff moved for entry of a clerk's default (Doc. 9) on July 2, 2012. A default was entered on July 3, 2012. Doc. 10. Plaintiff now moves for a default

judgment for wages owed, fees and costs incurred, and has filed supporting Affidavits (Doc. 11); the matter is now ripe for resolution.

The Court finds that Defendant's failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint. *Art Schmidlin v. Apex Mortgage Services, LLC*, 2008 WL 976158, *1 (M.D. Fla. 2008) (citing *Cotton v. Mass. Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Plaintiff was employed by Defendant from January 1995 to September 2011, as a wholesale flower salesman; Plaintiff filed suit against Defendant in May 2012, so the limitations period only reaches back to May 2010 for potential overtime owed. Doc. 1. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s), grossing an average of $500,000 annually on gross sales of $2.5 to $3.5 million. Docs. 1, 11-1. Defendant was also engaged in interstate commerce, purchasing floral supplies from companies in Kokomoa, Indiana, Kent, Ohio, and Lompoc, California, as well as other countries. Doc. 11-1.

Under the FLSA, an employer must pay one and one-half times the employee's regular rate for all hours worked in excess of forty hours per work week. 29 U.S.C. § 207(a). During his employment, Plaintiff's regular rate of pay was $12.50 per hour. Doc. 11-1. Plaintiff worked an average of 15 hours[1] of overtime per week from May 16, 2010 to September 8, 2011 (68 weeks), for which he did not receive overtime wages from Defendant, but received only straight time: for 1,020 total hours (15 hours/week times 68 weeks) times $6.25 per hour ($12.50/2), for a total of $6,375 owed, plus an equal amount in liquidated damages. Doc. 11-1. As Defendants have defaulted, the

---

[1] Plaintiff's affidavit states that he worked approximately fifty-five hours per week; however, the Motion for Default incorrectly used "25 hours" of overtime per week, rather than 15 hours per week. *Compare* Doc. 11-1 ¶ 5 *with* Doc. 11 at 6.

Court finds that Plaintiff is entitled to the entry of judgment on the issue of liability for overtime wages in the amount of $6,375, and liquidated damages of an equal amount, for a total of **$12,750**.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment", it is clear to this Court that a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers."

Although entitled to attorney's fees, Plaintiff only seeks to recover $515 for costs. However, counsel's affidavit and exhibit show only $35 in service of process fees, yet the Motion states $165 is for service of process. *Compare* Docs. 11-2 and 11-3 *with* Doc. 11 at 7. The Court will reduce the taxable amount to $35 (plus $350 for the filing fee).

In view of all of the foregoing, it is **respectfully recommended** that final judgment be entered in Plaintiff Emory Herring's favor against Defendant Mattern Holdings, Inc. in the amount of **$12,750** in damages, and **$385** in taxable costs (filing fee and service of process charge).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 12, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy